# IN THE COURT OF APPEALS OF IOWA

No. 14-0001
Filed September 17, 2014

**SIDNEY BAKKEN,**
    Plaintiff-Appellant,

**vs.**

**ORWIG, INC., and GRINNELL MUTUAL REINSURANCE COMPANY,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Palo Alto County, Don E. Courtney,

Judge.

A worker appeals the district court's judicial review decision that affirmed

the agency's denial of benefits for an alleged cervical injury.  **AFFIRMED.**

Willis J. Hamilton of Hamilton Law Firm, P.C., Storm Lake, for appellant.

Sarah K. Kleber and Joel D. Vos of Heidman Law Firm, L.L.P., Sioux City,

for appellee.

Considered by Danilson, C.J., and Vogel and Bower, JJ.

**PER CURIAM.**

Sidney Bakken appeals the district court's judicial review ruling, which affirmed the decision of the workers' compensation commission denying benefits for an alleged cervical spine injury.[1]  Bakken asserts the agency decision is not supported by substantial evidence or the decision is otherwise the result of an abuse of the agency's discretion.

The agency concluded based on its review of the medical evidence and the testimony of Bakken that Bakken had failed to establish a causal relationship between his 2010 work injury and his ongoing cervical complaints.  The agency concluded all the evidence in support of Bakken's claim was premised on Bakken having had no ongoing cervical problems from his 2005 cervical fusion until early 2010.  The agency found that history was inaccurate and gave the greatest credible weight to the opinion of the employer's expert who had "the most accurate understanding of [Bakken's] right shoulder and cervical pathology from 2004 onward."  The agency also found the employer's expert opinion was consistent with the overall recorded medical evidence.

The district court affirmed the agency's ruling, correctly concluding it was bound by the agency's factual findings if those findings are supported by substantial evidence.  *See Mike Brooks Inc. v. House*, 843 N.W.2d 885, 889 (Iowa 2014).  In addition, the district court correctly noted the agency has the duty to weigh the evidence and measure the credibility of witnesses and it is for the agency to accept or reject an expert opinion.  *See Cedar Rapids Comm. Sch.*

---

[1] The parties stipulated at the agency hearing that Bakken suffered a right shoulder injury and industrial disability benefits were order for that injury.  That part of the agency decision is not at issue in this appeal.

*Dist. v. Pease*, 807 N.W.2d 839, 845 (Iowa 2011). The district court found "substantial evidence that a reasonable mind could conclude [Bakken's] cervical spine pain is the result of an ongoing injury related to his 2005 injury. As such, the factual findings of the arbitration decision are binding on this court."

We agree with the district court's judicial review ruling after conducting our own review of the evidence along with the claims made on appeal. *See Hill v. Fleetguard*, 705 N.W.2d 665, 669 (Iowa 2005) ("When reviewing the district court's decision, we apply the standards of chapter 17A to determine whether the conclusions we reach are the same as those of the district court. If the conclusions are the same, we affirm; otherwise we reverse."). We therefore affirm the judicial review decision of the district court pursuant to Iowa Court Rule 21.26(1)(b), (d), and (e).

**AFFIRMED.**